IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> PROFESSIONAL CONTRACTING AND DEMOLITION, LLC, <br><br> Defendant. | CIVIL NO. 21-00234 JMS-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant Professional Contracting and Demolition, LLC, filed on October 1, 2021 (Motion).  See ECF No. 15.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  See ECF No. 16.  The Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections

BACKGROUND

According to the Complaint, Defendant entered into an agreement to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees and to submit certain paperwork to Plaintiffs so that they could audit the amounts paid by Defendant (Agreement). See ECF No. 1 ¶¶ 5-6.  The Agreement required contributions to be paid monthly. See id. ¶ 7.  Plaintiffs claim that Defendant failed to submit the required paperwork and failed to make the required contributions since June 2018.  See id. ¶¶ 11-12. Plaintiffs further allege that Defendant may owe additional contributions, but those amounts are unknown because Defendant has refused to submit the required reports.  See id. ¶¶ 15-17.  Plaintiffs requested an order directing Defendant to provide the required documentation to Plaintiffs and an award for unpaid contributions, interest, liquidated damages, audit fees, and attorneys' fees and costs.  See id. at 11-13 (section of the Complaint describing the relief sought).

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 17, 2021.  See ECF No. 13.  This Motion followed.

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

  **A.** **Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims. See 29 U.S.C. §§ 185(a), 1132, 1145, and 1401(b)(1). The Court has personal jurisdiction over Defendant because Plaintiffs allege Defendant is a Hawai'i limited liability company doing business in Hawai'i and the claims arise out of that business, see ECF No. 1 ¶ 4, and note in their Motion that Defendant was properly served by serving its agent

3

and member Stephen Swift, <u>see</u> ECF No. 7.

### B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See <u>Eitel</u>, 782 F.2d at 1471-72 (the <u>Eitel</u> factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled. <u>See Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### 1.     The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without any other recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

### 2.     Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

First, Plaintiffs assert claims against Defendant for unpaid contributions, interest, liquidated damages, audit fees, and attorneys' fees owed to Plaintiffs under the terms of the Agreement and relevant statutes. See 29 U.S.C. §§ 1132(a), (g), 1145; see also ECF No. 1 ¶¶ 6-20. Plaintiffs allege that the terms of the Agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. See id. Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is also required to pay liquidated damages, audit fees, and attorneys' fees and costs. See id.

After considering the allegations in the Complaint, this second factor

weighs in favor of default judgment because the allegations, taken as true, are sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiffs seek $48,081.35 in unpaid contributions, $10,169.37 for liquidated damages, an audit fee of $80.00, interest of $8,950.66 through September 2, 2021 plus $15.81 per diem until entry of judgment, $26,952.87 in attorneys' fees, and $596.99 in costs. See ECF No. 15-1 at 20-21. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions. The Court finds that this factor too weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. See TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action and has not done so. Because no dispute has been raised regarding

Plaintiffs' material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Defendant's default was not the result of any excusable neglect, but rather due to its conscious and willful decision not to defend this action. Defendant failed to defend this action and default was entered against it. See ECF No. 13. This factor too favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

Accordingly, the Court finds that the totality of the Eitel factors weighs in favor of entering default judgment against Defendant.

### C. Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Plaintiffs request the following monetary damages:  $48,081.35 in unpaid contributions, $10,169.37 for liquidated damages, an audit fee of $80.00, interest of $8,950.66 through September 2, 2021 plus $15.81 per diem until entry of judgment, $26,952.87 in attorneys' fees, and $596.99 in costs.  See ECF No. 15-1 at 20-21.  Each category of requested relief is addressed below.

#### 1. Delinquent Contributions

First, Plaintiffs contend that Defendant owes delinquent contributions in the amount of $48,081.35.  Plaintiffs submitted the declaration of Field Auditor Noelle Tagaban, which details the documentation he received from Defendant, standard audit procedures, and the Schedules of Under-Reported Hours and Audit Discrepancy Notice he prepared that extrapolates the total unreported worked hours and contributions for the audit period of June 2018 through December 2020.  See ECF No. 15-2 ¶¶ 5-17; see also ECF Nos. 15-7, 15-8, 15-9, 15-10.  The documentation provided reflects his calculation that the amount due, based on his review of the information provided and extrapolating based on that information,

totals $48,081.35 in unpaid contributions. See id. Accordingly, the Court finds Plaintiffs have established damages in the amount of $48,081.35 for delinquent contributions.

### 2. Liquidated Damages

Next, Plaintiffs seek liquidated damages of $10,169.37. While Plaintiff may be entitled to liquidated damages under ERISA, the amount is capped. Specifically, Section 1132(g)(2) provides that Plaintiffs are entitled to recover "liquidated damages provided for under the plan in an amount ***not in excess of 20 percent*** (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court" as to unpaid contributions. 29 U.S.C. § 1132(g)(2) (emphasis added).

Here, the Agreement provides for "liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective Fund or twenty dollars ($20.00) whichever is greater, for each and every delinquent monthly contribution." ECF No. 15-12 at 6. And the amount Plaintiffs request in liquidated damages, $10,169.37, is greater than twenty percent of the delinquent contributions found above. In their Complaint and Motion, Plaintiffs seek liquidated damages pursuant to the Agreement and under § 1132(g). See ECF No. 1 at 12-13; ECF No. 15-1 at 19. However, Plaintiffs offer no argument, explanation, or evidence to support their request for liquidated damages that exceed twenty percent of the total unpaid contributions. Accordingly, the Court

9

finds Plaintiffs are entitled to liquidated damages in the amount of $9,616.27, or twenty percent of the $48,081.35 of unpaid contributions. See Trustees of the Hawaii Laborers' Tr. Funds v. HK Fence, LLC, 2017 WL 525125, at *4 (D. Haw. Jan. 17, 2017), report and recommendation adopted, 2017 WL 522826 (D. Haw. Feb. 8, 2017).

### 3. Audit Costs

Plaintiffs also seek audit costs totaling $80.00. The Agreement requires Defendant to pay "all audit and collection costs." ECF No. 15-12 at 6. The Audit Discrepancy Notice reflects audit fees of $80.00. See ECF No. 15-10. The Court finds Plaintiffs have established damages in the amount of $80.00 for audit fees.

### 4. Interest

Plaintiffs next seek $8,950.66 in interest already incurred through September 2, 2021, plus interest from that date until judgment is entered at a rate of $15.81 per day. See ECF No. 15-3 ¶¶ 10-11; ECF No. 15-19. The Agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on the unpaid contributions. See ECF No. 15-12 at 6; 29 U.S.C. § 1132(g)(2). Based on the documentation provided by Plaintiffs, the terms of the Agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established damages in the amount of $8,950.66 in interest already incurred plus interest from September 2, 2021 until the entry of judgment.

### 5. Attorneys' Fees and Costs

Finally, Plaintiffs seek attorneys' fees and costs. An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. The Agreement requires Defendant to pay "reasonable attorneys' fees and costs of the action" related to collection of delinquent contributions. See ECF No. 15-12 at 6. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

Here, Plaintiffs request $26,952.87 for attorneys' fees and taxes and $596.99 in costs. See ECF No. 15-1 at 21. First, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds that the hours requested are reasonable. See ECF No. 15-20. Second, Ashley K. Ikeda, Esq., who was admitted to the Hawaii bar in 1981, and Jerry P.S. Chang, Esq., who was admitted to the Hawaii bar in 1996, each request $275 per hour. See ECF No. 15-5 ¶¶ 5-6. Based on the Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the hourly rates requested are reasonable. Accordingly, the Court finds that the requested attorneys' fees of $25,740 are reasonable. See ECF No. 15-20 at 7.

Further, the Court finds that the requested general excise taxes on

11

those fees of $1,212.87 are also reasonable. See id. Plaintiffs also request $596.99 in costs for copying, postage, server fees, and filing fees. See ECF No. 15-21. The Court finds that the costs requested by Plaintiffs are reasonable. In total, the Court recommends that the district court award $27,549.86 in attorneys' fees, taxes, and costs.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment against Defendant be GRANTED IN PART AND DENIED IN PART as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against Defendant;

(2) The district court AWARD Plaintiffs damages in the amount of $48,081.35 in unpaid contributions, $9,616.27 for liquidated damages, $8,950.66 for interest through September 2, 2021 plus per diem until the entry of judgment, $80.00 in audit fees, and $27,549.86 in attorneys' fees, taxes, and costs against Defendant.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 4, 2021.



Wes Reber Porter
United States Magistrate Judge

**TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS, et al. v. PROFESSIONAL CONTRACTING AND DEMOLITION, LLC; CIVIL NO. 21-00234 JMS-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**